IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FREDERICK E. BRAXTON, )
    Petitioner, ) Case No. 3:17-cv-1161
  ) Judge Trauger/Frensley
TAMMY FORD )
    Respondent. )

# REPORT AND RECOMMENDATION

Pending before the court is the Respondent's Motion to Dismiss Untimely Habeas Corpus Petition (Docket No. 8) and supporting Memorandum of Law (Docket No. 9). The Petitioner has filed a Response to the Motion to Dismiss (Docket No. 10). The Respondent has filed a Reply (Docket No. 12) and the Petitioner has filed a Sur-Reply (Docket No. 16). On consideration of the Petition, Motion to Dismiss and record it does not appear that an evidentiary hearing is needed. *See, Smith v. United States*, 348 F. 3d 545, 550 (6th Cir. 2003)( *See, Smith v. United States,* 348 F. 3d 545, 550 (6th Cir. 2003)(evidentiary hearing is not required when the record conclusively shows that the Petitioner is entitled to no relief). For the reasons stated herein, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

The Petitioner was convicted by a jury in the Criminal Court for Davidson County, Tennessee on April 13, 2010, for the offenses of sale of less than .5 grams of cocaine in a drug free zone, evading arrest and criminal impersonation. Docket No. 7-1, Page *Id.* 71. The Defendant was found not guilty of possession of a controlled substance with intent to sale or deliver in a drug free zone. *Id.* Petitioner received an effective sentence of fifteen years. Docket No. 7-1, Page *Id.* 75-77.

Petitioner's conviction was affirmed by the Tennessee Court of Criminal Appeals on direct appeal and the Tennessee Supreme Court denied his application for permission to appeal on April 12, 2012. Docket No. 7-13.

On March 19, 2013, the Petitioner executed a verification under oath before a Notary Public of a pro se petition for post-conviction relief. Docket No. 7-14, p. 39. The Petition was filed by the Criminal Court Clerk for Davison County, Tennessee on March 26, 2013. *Id.* at p. 23. Following the appearance of retained counsel (*Id.* at p. 44), Petitioner filed an Amended Petition for Post-Conviction Relief in the trial court on March 11, 2014 (*Id.* at p. 45). After an evidentiary hearing, the trial court denied the Petition. *Id*. at p. 49. The denial was affirmed by the Tennessee Court of Criminal Appeals (Docket No. 7-21) and the Tennessee Supreme Court denied Petitioner's application for permission to appeal on November 17, 2016. Docket No. 7-25.

On August 16, 2017, the Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U. S. C. § 2254. Docket No. 1. The case was referred the undersigned for case management, decision on all pretrial, non-dispositive motions and report and recommendation on all dispositive motions under 28 U. S. C. § 636(b)(1). Docket No. 3. Respondent filed the instant motion to dismiss the Petition as untimely (Docket No. 8), to which Petitioner filed a Response (Docket No. 10), Respondent filed a Reply (Docket No. 12) and Petitioner filed a Sur-Reply (Docket No. 16).

## **ANALYSIS**

Respondent argues that the Petition in this matter should be dismissed as untimely filed. Docket No. 8. Specifically, Respondent asserts that the Tennessee Supreme Court denied Petitioner's application for permission to appeal on April 12, 2012. Docket No. 7-13. By

2

operation of law, the Petitioner's judgment became final on July 11, 2012, the deadline for Petitioner to file a petition for Writ of Certiorari in the United States Supreme Court. Thus, they contend the one year statute of limitations began the following day, July 12, 2012. Docket No. 9, p. 3. The statute of limitation was tolled beginning on March 19, 2013, when Petitioner submitted his pro se petition for post-conviction relief to prison authorities for mailing under Tennessee Supreme Court Rule 28, § 2(G). *Id.* at p. 4. As of that date, Respondent submits that two hundred and fifty (250) days had run on the one year statute of limitations.

Respondent further contends that the tolling in the statute of limitations provided under 28 U. S. C. § 2244(d)(2) continued through November 17, 2016, when the Tennessee Supreme Court denied the application for permission to appeal in the post-conviction case. *Id.* The statute of limitations recommenced the following day, November 18, 2016. At that time, Petitioner had one hundred and fifteen (115) days remaining to file a timely federal habeas corpus petition. *Id.* Respondent asserts that because Petitioner did not file his petition until August 16, 2017, approximately five months beyond the statute of limitations, the petition is untimely and should be dismissed as not having been filed within the one year statute of limitations. *Id.* Respondent further argues that Petitioner has neither alleged nor proven grounds for equitable tolling of the statute of limitations. *Id.*

In response, Petitioner argues first that "Petitioner filed a pro se petition for post-conviction relief on March 26, 2012." Docket No. 10, p. 2. He argues that "since the post-conviction existed at the time the Tennessee Supreme Court denied Petitioner's direct appeal T. R. A. P. 11 petition no days were lost between the direct appeal and post-conviction." *Id.* Thus, he states "there was no statute of limitations issue to explain away." *Id.* Additionally, Petitioner argues that equitable tolling of the status of limitations under U. S. C. § 2244 is justified on the

grounds that Petitioner had actually filed for Post-Conviction relief prior to the direct appeal Rule 11 application being denied and that the "Tennessee Court of Criminal Appeals specifically set the timeline followed by the Petitioner when filing this habeas petition," thus constituting an extraordinary circumstance that interfered with the timely filing of the petition. *Id.* at p. 3. Petitioner provided a copy of the Court of Criminal Appeals decision stating that "[o]n March 26, 2012, the Petitioner filed the instant petition for post-conviction relief alleging multiple grounds of ineffective assistance of counsel." Docket No. 10, p. 5.

With leave of court, Respondent filed a Reply contesting Petitioner's assertion that the actual filing date of the petition for post-conviction relief was March 26, 2012. Docket No. 12. Relying on the petition itself, Respondent asserts that the Petition for post-conviction relief was filed in 2013 not 2012. *Id.* In support of this contention, Respondent notes the clerk stamped copy with the date March 26, 2013 (Docket No. 7-14, p. 23); Petitioner's sworn affirmation that he submitted the petition to prison authorities for mailing on March 19, 2013 (Docket No. 7-14, p. 39) and the date of March 19, 2013, executed by the notary of the Petitioner's signature on that same date. *Id.* Respondent contends that the 2012 date noted by the Court of Criminal Appeals is a typographical error having no effect on the habeas corpus statute of limitations. Docket No. 12, p. 3. Respondent further argues that Petitioner is not entitled to equitable tolling of the statute of limitations based upon Petitioner's asserted reliance on the typographical error in the Court of Criminal Appeals opinion in calculating the final deadline for the habeas corpus petition. *Id.* Respondent contends this argument amounts to an ordinary claim of excusable neglect for an attorney's miscalculation of the applicable deadline which does not warrant equitable tolling. *Id.* at pp. 3-4. Respondent additionally notes that Petitioner is represented by the same counsel that represented him in the state post-conviction proceeding who is familiar

4

with those proceedings, filed the amended petition on his behalf in the state trial court and had access to the post-conviction record containing the filed stamped copy of the pro se petition for post-conviction relief. *Id.*

Petitioner's Sur-Reply argues that the Tennessee Court of Criminal Appeals made a factual finding not challenged by the State that the post-conviction petition was filed on March 26, 2012. He contends this factual finding is binding upon this Court and that "fundamental fairness dictates a review of said petition." Docket No. 16, pp. 1-2. Petitioner contends that it was not unreasonable for him to rely upon the factual ruling of the Court of Criminal Appeals and that he should be able to rely on that finding for the purposes of equitable tolling.

**Timeliness of the Petition**

28 U. S. C. § 2244(d) provides a state prisoner one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" within which to file for federal habeas corpus relief. 28 U. S. C. §2244(d)(1)(A).[1] The time during which a properly filed application for state post-conviction or other collateral review with respect to the judgment or claim is pending is not to be counted toward any period of limitation under this subsection. 28 U. S. C. § 2244(d)(2). A state conviction ordinarily becomes "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F. 3d 631, 640 (6th Cir. 2010).

The Tennessee Supreme Court denied Petitioner's Application for Permission to Appeal in his direct appeal on April 12, 2012. Docket No. 7-13. Petitioner had ninety (90) days within which to file a Petition for Writ of Certiorari in the Supreme Court but did not do so therefore making his judgment final on July 11, 2010. Consequently, the Petitioner had one year from this

---
[1] Three additional potential dates trigger the statute of limitations but none of those apply here.

5

date or until July 11, 2013, in which to initiate the instant action. After 250 days elapsed, the Petitioner filed a pro se petition for state post-conviction relief. Docket No. 7-14, p. 23.[2] The filing of that petition had the effect of tolling the one year statute of limitations for as long as the post-conviction proceedings remained pending in state court. 28 U. S. C. § 2244(d)(2).

On November 17, 2016, the Tennessee Supreme Court rejected the Petitioner's application for permission to appeal his post-conviction petition. Docket No. 7-5. As a result, the limitation period resumed on November 18, 2016 at the point where it was tolled rather than starting anew. *DiCenzi v. Rose*, 452 F. 3d 465, 468-69 (6th Cir. 2006). Having already used 250 days of the limitation, the Petitioner was left with 115 days to file this action.

The habeas corpus petition (Docket No. 1) was filed on August 16, 2017, more than five months after the limitation period had expired. Petitioner's argument in his response that the typographical error in the opinion of the Tennessee Court of Criminal Appeals that his post-conviction petition was filed on March 26, 2012, establishes no days were lost between direct appeal and post-conviction is without merit. The misstatement in the Court of Criminal Appeals opinion that the post-conviction petition was filed in 2012 is clearly a typographical error which does not change the actual date of the filing for purposes of calculating the statute of limitations. Further, it is not a "fact" found by the Court of Criminal Appeals. The date of the filing was not in dispute, did not require the court of appeals to make a factual determination and was nothing more than an (erroneous) recitation of the procedural posture of the case. As a consequence, this action is untimely.

**Equitable Tolling Of the Limitation Period**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a

---

[2] The 250 days is based on the date Petitioner placed the petition into the prison mail, March 19, 2013 rather than the date filed with the clerk.

litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F. 3d 781, 783 (6th Cir. 2010)(internal quotation marks omitted). The limitations under § 2244(d)(1) are subject to equitable tolling. *Holland v. Florida*, 560 U. S. 631, 645 (2010). However, federal courts should use the doctrine of equitable tolling sparingly. *Robertson*, 624 F. 3d at 784. The burden of establishing equitable tolling falls on the party seeking entitlement to it. *Id.* A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U. S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U. S. 408, 418 (2005)).

Petitioner argues that he has been diligently pursuing relief in state court as evidenced by the litigation of his post-conviction petition. Docket No. 10. Petitioner further argues that he "is not unreasonable to rely upon announced factual rulings by the Tennessee Court of Criminal Appeals as to filing dates for habeas purposes." Docket No. 16. He argues that "the Tennessee Court of Criminal Appeals made an extremely precise finding of a filing that Petitioner should be able to rely upon for equitable tolling purposes." *Id.*

The undersigned recommends that equitable tolling of the limitation period is not warranted in this instance. First, as noted above, the misstatement of the filing date of the post-conviction petition was not material to that court's opinion. Further, the date of filing of the petition was not in dispute requiring the court to make a specific finding. Rather, it was an erroneous statement of the date on the petition which was a part of the record in that proceeding. Petitioner's counsel represented him in the post-conviction proceedings (Docket No. 7-14; Docket No. 1) and thus both Petitioner and his counsel were aware that the date announced in the appellate opinion was erroneous based upon their participation in the post-conviction

7

proceedings. It is well established that a miscalculation of deadlines is simply not sufficient to warrant equitable tolling. *Lawrence v. Florida* 127 S. Ct. 1079, 1085 (2007).

Having carefully reviewed the pleadings and the record, the undersigned finds this action was not filed in a timely manner. Moreover equitable tolling of the limitation period is not warranted in this instance. Therefore the undersigned recommends that the Respondent's Motion to Dismiss (Docket No. 8) be GRANTED and the action be dismissed. Rule 8(a), Rules-§ 2254 cases. Further, the undersigned recommends that a certificate of appealability under 28 U. S. C. § 2253(c), not issue because the Petitioner is unable to make a substantial showing of a denial of a constitutional right.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U. S. C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**