# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **FREDERICK E. BRAXTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01161 |
| ) | Judge Aleta A. Trauger |
| **TAMMY FORD, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

Petitioner Frederick Braxton, an inmate at the Whiteville Correctional Facility in Hardeman County, Tennessee, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254, which was referred to the magistrate judge for case management, decision on all pretrial, non-dispositive motions, and report and recommendation on disposition under 28 U.S.C. § 636(b)(1). In lieu of answering, the respondent filed a Motion to Dismiss. (Doc. No. 8.) The magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 17) on August 8, 2018, recommending that the Motion to Dismiss be granted on the basis that the petition is untimely. Now before the court are the petitioner's Objections to Report and Recommendation (Doc. No. 18), arguing that equitable tolling applies, making his petition timely. For the reasons set forth herein, the petitioner's objections will be overruled.

**I. Standard of Review**

When a magistrate judge issues a report and recommendation regarding the disposition of a claim or a case, the district court must review *de novo* any portion of the report to which "specific written objections are made" and "may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

## II. Factual and Procedural Background

The facts relevant to the Motion to Dismiss are undisputed. The petitioner was convicted by a jury in the Criminal Court for Davidson County, Tennessee on September 22, 2009, on charges of selling less than .5 grams of cocaine within 1000 feet of a school, evading arrest, and criminal impersonation. He received an effective sentence of fifteen years. (Doc. No. 7-1, at 31–33.) The Tennessee Court of Appeals affirmed (Doc. No. 7-11), and the Tennessee Supreme Court denied discretionary review on April 12, 2012 (Doc. No. 7-13). The petitioner did not file a petition for the writ of certiorari.

On March 19, 2013, the petitioner submitted a *pro se* petition for post-conviction relief to prison authorities for mailing; the petition was actually docketed on March 26, 2013. (Doc. No. 7-14, at 23, 39.) Counsel was appointed (*id.* at 43), and the appointed attorney filed an amended petition on behalf of the petitioner on March 11, 2014 (*id.* at 45). The trial court denied the petition on the merits after an evidentiary hearing. (*Id.* at 49.) The Tennessee Court of Appeals affirmed in an opinion entered on August 31, 2016. In reciting the procedural background of the case, the court expressly, and incorrectly, stated that the petitioner had filed his petition for post-conviction relief "[o]n March 26, 2012" (instead of March 26, 2013). *Braxton v. State*, No. M2016-00161-CCA-R3-PC, 2016 WL 4547903, at *3 (Tenn. Crim. App. Aug. 31, 2016) (filed in this court at Doc. No. 7-21, at 4). The Tennessee Supreme Court denied review on November 17, 2016. (Doc. No. 7-25.)

The petitioner, through counsel, filed his petition for the writ of habeas corpus under §

2254 in this court on August 16, 2017. The respondent filed a timely motion for dismissal on the basis that the petition was barred by the statute of limitations.

**III.    Analysis**

Under 28 U. S. C. § 2244(d)(1)(A), a state prisoner generally has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" within which to file for federal habeas corpus relief. However, the period of time during which a properly filed application for state post-conviction or other collateral review of the judgment at issue is pending is not counted toward any period of limitation under this subsection. 28 U. S. C. § 2244(d)(2). A state conviction ordinarily becomes "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F. 3d 631, 640 (6th Cir. 2010).

The statute of limitations is not jurisdictional, however, and may be subject to equitable tolling. *Holland v. Florida*, 560 U. S. 631, 645 (2010). "The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). A habeas petitioner seeking equitable tolling must establish both "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U. S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U. S. 408, 418 (2005)). Courts are to use the doctrine of equitable tolling sparingly, however, and the burden of establishing equitable tolling falls on the party seeking entitlement to it. *Robertson*, 624 F.3d at 784.

In this case, the Tennessee Supreme Court denied the petitioner's Application for

Permission to Appeal in his direct appeal on April 12, 2012. (Doc. No. 7-13.) The judgment became final ninety days later, on July 11, 2012, with the expiration of the time for filing a petition for the writ of certiorari in the United States Supreme Court. The statute of limitations for filing a § 2254 petition in this court began running on July 12, 2012.

The petitioner submitted his *pro se* petition for post-conviction relief to prison authorities for filing on March 19, 2013, thus tolling the running of the limitations period beginning on that date. At that point, 250 days of the one-year limitation period had expired. The limitations period remained tolled through November 17, 2016, the day the Tennessee Supreme Court denied permission to appeal. It began running again on November 18, 2016, with 115 days remaining on the clock.

The petitioner, through counsel, filed his habeas petition in this court on August 16, 2017—271 days later. There is effectively no dispute that the petition is untimely. The petitioner argues, however, that he reasonably relied on the misstated date in the Tennessee Court of Appeals' opinion affirming the denial of post-conviction relief and that this reasonable reliance justifies equitable tolling of the statute of limitations. The petitioner characterizes the court's misstatement as a "finding of fact" by the state appellate court upon which he was entitled to rely. He claims that the misstatement caused him to believe that the petition for post-conviction relief was filed in 2012, before his conviction became final and, therefore, that he had a full year from the date on which the ruling on his post-conviction petition became final in which to file his § 2254 petition in this court.

The appellate court's recitation of the date on which the post-conviction petition was filed was not a "finding of fact," as that date was not at issue and the filing date was not material to the state court's opinion. Moreover, the clerk's date stamp on the first page of the *pro se* petition is

clearly legible and not in controversy. (*See* Doc. No. 7-14, at 39.) Rather than a statement of fact, the statement that the filing was made on March 26, 2012, rather than March 26, 2013, was clearly a typographical error. Neither party has pointed to any precedent dealing with this precise issue, but the court finds that the appellate court's typographical error does not constitute an extraordinary circumstance supporting the application of equitable tolling. Typographical errors in court opinions, including typographical errors involving dates, are not unusual.[1]

The petitioner's current attorney also represented the petitioner in the state post-conviction proceedings, and the state post-conviction record has always been available to both the petitioner and his attorney. Both the petitioner and his client knew or reasonably should have known the date upon which the *pro se* petition was actually filed, despite the error in the state appellate court's decision. It is well established that a miscalculation of the filing deadline for a habeas petition is not sufficient, standing alone, to warrant equitable tolling. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Moreover, under Tennessee's version of the prison mailbox rule, the date that matters for purposes of equitable tolling is the date the petitioner submitted his post-conviction petition to prison authorities for mailing, not the date upon which it was actually filed in the state court. *See* Tenn. R. Post-Conviction P. 28 § 2 ("If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility . . . , filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility

---

[1] Somewhat ironically, this point is illustrated by the error in the R&R in this case, in which the magistrate judge stated that the underlying judgment became final on July 11, 2010, rather than on July 11, 2012. (*See* Doc. No. 17, at 5.)

within the time fixed for filing."). In other words, the relevant date for purposes of calculating the tolling of the § 2244(d)(1) statute of limitations was the date upon which the petitioner signed the *pro se* petition under penalty of perjury, attesting to the date on which he submitted the petition for mailing, rather than the date stamped on the petition—or the date identified in the Tennessee Court of Appeals' decision. That date was indisputably March 19, 2013. (*See* Doc. No. 7-14, at 39.)

The cases upon which the petitioner relies in support of his argument for equitable tolling are not factually similar and do not aid his cause. For instance, in the case cited by the petitioner for the proposition that a litigant "may rely on the accuracy of the clerk's notice that is regular on its face" (Doc. No. 18, at 2 (citing *Prudential-Bache Securities, Inc. v. Fitch*, 966 F.2d 981, 986 (5th Cir. 1992), *abrogated on other grounds by Vaden v. Discovery Bank*, 556 U.S. 49 (2009))), the court found that the "unique circumstances" exception warranted the court's looking beyond a formalistic application of the rules to find the appellants' notice of appeal to be timely. When that opinion was issued, Rule 4(a)(4) of the Federal Rules of Appellate Procedure provided that a notice of appeal of a Rule 59 motion filed prior to the order ruling on such a motion was ineffective and had to be refiled after entry of the order. There, the appellants had filed a Rule 59 motion following entry of judgment. The trial court conducted a hearing on the motion on March 1, 1991 and issued its order denying the motion immediately after the hearing. The appellants filed their notice of appeal the same day. Their attorney received in the mail from the court clerk a copy of the March 1, 1991 order that was stamped "ENTERED" and dated March 1, 1991. *Prudential-Bache Secs.*, 966 F.2d at 983. The appellants later learned that the order was not actually docketed until March 12, 1991, but they did not learn that fact until the period for filing a notice of appeal had expired. *Id.* The Fifth Circuit had previously recognized the "'unique circumstances' remedy"

as applying "where counsel fails to file a notice of appeal within the prescribed time based on its good faith reliance on a mistaken assurance or statement of the district court." *Id.* at 985. It found that such unique circumstances existed in that case and deemed the notice of appeal to be timely. It also conducted a survey of other cases in which the exception applied, none of which is remotely similar to this case, and it noted that the Supreme Court had expressly limited application of the doctrine to cases in which "the district court makes an 'affirmative representation' or 'specific assurance' that a party's notice of appeal was proper." *Id.* (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 178–79 (1989)); *see also Osterneck*, 489 U.S. at 179 (holding that the "unique circumstances" exception "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done").

In *West v. United States*, 222 F.2d 774 (D.C. Cir. 1954), a *pro se*, indigent defendant had pursued a § 2255 motion to set aside his conviction and vacate the sentence. The motion was denied in an ordered entered on October 13, 1952. On October 20, 1952, the Clerk of Court wrote and mailed a letter to the defendant notifying him that his motion had been denied, but without stating the date on which the order had been entered. The defendant filed a notice of appeal within sixty days of October 20, but not within sixty days of October 13, 1952. The court held that the defendant reasonably interpreted the clerk's October 20 letter to mean that the order denying his motion had been entered that day, and, therefore, that the sixty-day period for taking an appeal from the October 13 order did not begin to run until October 20. Based on that date, the notice of appeal was timely.

In both of those cases, the court or court clerk affirmatively misrepresented to the appellants the date on which the orders they sought to appeal were filed, and there was a very short

time frame between those misrepresentations and the expiration of the period within which to perfect an appeal. Consequently, the appellants' reliance on the misrepresentations was reasonable. In this case, the petitioner had the ability to independently ascertain the date upon which his own post-conviction petition was filed and a period of several months within which to make the appropriate calculations. The court finds that the circumstances presented are not sufficiently extraordinary—typographical errors in court opinions are hardly unusual—and that, by failing to independently ascertain the filing date, the petitioner did not diligently pursue his rights. The habeas petition is untimely, and equitable tolling does not apply.

## IV. Conclusion and Order

The court has conducted a *de novo* review of the question of whether the petition is timely. The court finds that the petition is not timely and that equitable tolling does not apply under the circumstances presented here. Accordingly, the petitioner's Objections are **OVERRULED**, and the magistrate judge's recommendation is **ACCEPTED**. The respondent's Motion to Dismiss (Doc. No. 8) is **GRANTED**, and this case is **DISMISSED**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. The court **GRANTS** a COA on the question of whether equitable tolling applies under the factual circumstances presented here.

This is the final order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 19th day of September 2018.

_____
ALETA A. TRAUGER
United States District Judge